FILED

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARAMAYIS SHAHBAZYAN; et al., | No. 08-71519 |
| Petitioners, | Agency Nos.   A075-657-858 |
| v. | A075-657-859 |
| | A075-657-860 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Aramayis Shahbazyan and his family, natives of Iran and citizens of

Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the brief detention and mistreatment Shahbazyan suffered in Armenia did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-20 (9th Cir. 2006). Substantial evidence also supports the BIA's finding that petitioners do not have a well-founded fear of future persecution based on their Seventh Day Adventist religion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").

Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, petitioners' contention that CAT relief was denied solely on the basis of an adverse credibility determination is belied by the record. Substantial evidence supports the BIA's determination that the petitioners are not eligible for

CAT relief.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**